IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DEBBIE ROJACK,<br>Defendant. | Case No.  1:25-CR-00118<br>MLG |

## **DEFENDANT DEBBIE ROJACK'S SENTENCING MEMORANDUM**

Defendant, Debbie Rojack, by and through her counsel of record, Thomas M. Clark, Esq., and pursuant to the Fifth, Sixth, and Eight Amendments of the United States Constitution, *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a), hereby respectfully submits this Sentencing Memorandum in support of her request for the imposition of a sentence of 30 months, which would include substance abuse and mental health treatment.

Although the United States Sentencing Guidelines continue to be the starting point for District Courts and for the reasonableness review on appeal, *United States v. Terrell,* 445 F.3d 1261, 1264 (10th Cir. 2006), they impose no rigid boundaries on what sentences are permissible. In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range. *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a) do not require the District Court to limit itself to the Guidelines range. The Court may impose a non-Guidelines sentence if the sentencing factors set forth in § 3553(a) warrant it, even if a Guidelines sentence might also be reasonable. *United States v. Begay*, 470 F.3d 964, 975-

1

76 (10th Cir. 2006). *Begay's* holding is also consistent with the parsimony clause of § 3553(a) that prohibits a sentence greater than necessary to achieve the proper purposes of sentencing.

While they are still important and must be considered, the new reality is that the Guidelines are "doubly diminished" by *United States v. Booker*. Not only are they advisory instead of mandatory but sentencing courts "must give increased attention to the other sentencing factors in Section 3553(a). *United States v. Colon*, 474 F.3d 95, 97 (3d Cir. 2007). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States,* 528 U.S. 81, 113 (1996). Therefore, a sentence in a criminal case must be reasonable, based on an assessment of the statutory factors delineated in 18 U.S.C. § 3553(a), including the nature of the offense, the history and circumstances of the defendant and the need for the criminal sentence to avoid unwanted sentencing disparities. *United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir. 2006).

Here, Ms. Rojack requests this Honorable Court impose a sentence of time served with a period of supervised release to include alcohol abuse treatment and mental health treatment. Given the guidelines, as well as the factors pursuant to 18 U.S.C. § 3553, such a sentence is fair and just and is not greater than necessary to achieve the goals of sentencing.

## PROCEDURAL HISTORY

On January 23, 2025, and Indictment was filed in United States District Court, charging the Defendant Debbie Rojack with Involuntary Manslaughter. The offense occurred on or about August 6, 2024, in Indian County, in McKinley County.

On October 24, 2025, Ms. Rojack pled guilty to Count 1 Involuntary Manslaughter in violation of 18 U.S.C. § 1112 and 18 U.S.C. § 1153 to the Indictment pursuant to a Rule 11(c)(1)(B) plea agreement. Ms. Rojack stands before this Court having accepted responsibility for a tragic incident that resulted in the loss of human life. On August 6, 2024, while operating a motor vehicle in the Borrego Pass area of the Navajo Nation, Ms. Rojack struck an individual, resulting in fatal injuries.

The area where the accident occurred is very rural and the roadway is not well lit. At the time of the accident, the area was dark and there was no other traffic. Following the collision, Ms. Rojack believed she had struck a deer and did not stop to confirm. While not an excuse, the deceased was highly intoxicated and wearing black, and appears to have walked onto the roadway where he was struck by Ms. Rojack's vehicle. She later learned that a person had been found in the same area and became concerned about her involvement. During the investigation, Ms. Rojack admitted to law enforcement that she had consumed alcohol earlier in the day and was operating her vehicle at that time of the collision. This case is not one involving intentional harm, but rather a deeply tragic accident compounded by poor judgment. Ms. Rojack has acknowledged her conduct and its devastating consequences. (PSR, pg. 7)

Under the plea agreement, and pursuant to Rule 11(c)(1)(B), the parties jointly recommend a sentence at the low end of the applicable guideline range, with the government agreeing to recommend or not oppose a sentence within that range or the application of certain guideline provisions. The agreement further provides that Ms. Rojack qualifies for up to a three-level reduction for acceptance of responsibility and agrees not to seek a sentence outside the stipulated range of 30 to 37 months. (PSR, pg. 16)

## MS. ROJACK'S HISTORY AND CHARACTERISTICS

Debbie Rojack was not born into this world destined to engage in substance abuse or criminal conduct. In order to understand the individual who will stand before this Court for sentencing, it is important to understand Ms. Rojack's background. As set forth in the Presentence Investigation Report (the "PSR"), Debbie Rojack was born on November 16, 1979, in Crownpoint, New Mexico to Ernest Rojack, who is retired and Margie Rojack, a housewife. Both of her parents are reported to be in good physical health and reside in Casamero Lake, Crownpoint, New Mexico. (PSR, pg. 11)

Ms. Rojack has four (4) brothers ranging from the ages of 30 to 50, and four (4) sisters ranging from the ages of 26 to 47. She reported that all her siblings are in good physical health and all reside in New Mexico. Ms. Rojack also reported she has a good relationship with her parents and all of her siblings. (PSR, pg. 11)

Ms. Rojack reported that she was raised by both parents in a structured and supportive household where her basic needs were met. She described her childhood as positive, emphasizing that she "felt loved and cared for," and noted a close-knit family dynamic in which members supported one another. She continues to maintain a close relationship with her parents and siblings, who are the significant people in her life. Ms. Rojack also stated that her parents remain "loving and caring," continue to provide her redirection, and have supported her even after her arrest in the instant offense, adding that she "loves them for that." She reported no history of abuse or neglect. (PSR, pg. 11)

## EDUCATION/VOCATIONAL HISTORY

Ms. Rojack obtained a high school diploma in 2001 from Crownpoint High School, Crownpoint, New Mexico. (PSR, pg. 14)

## EMPLOYMENT

Ms. Rojack reported that from April 2025 to the present she has been employed as a cashier at Burger King in Albuquerque, New Mexico, earning $13 per hour. A check stub dated November 24, 2025, reflects that she worked 53.56 hours during the pay period of November 2 to November 15, 2025, with a net pay of $633.56.

Prior to this employment, Ms. Rojack reported she was unemployed and a "stay at home Mom." She stated that she did not receive child support, but received $505 in Temporary Assistance for Needy Families, $200 in financial assistance from Garrison Francisco, and $967 in Social Security Disability Income for her son Jordan. She also noted that her parents provide financial assistance when needed, and she currently has no savings as she contributes money toward her children's needs, groceries, and household expenses. According to the Pretrial Services Report, she had reportedly been unemployed since 1996 and relied on her parents for housing. (PSR, pg. 14)

## SOCIAL HISTORY

At age 20, Ms. Rojack left her family home after becoming pregnant and moved in with her child's father in Farmington, New Mexico. She later lived in several locations across New Mexico, before residing in Crownpoint with her parents and children for approximately five years, in a 5-bedroom home. She reported that there were no drugs, alcohol, or firearms in the residence and that no occupants have a criminal history or are under supervision. Upon release, Ms. Rojack wishes to return to her parents' home, and they are willing to have her back. However, a home assessment conducted on December 22, 2025, determined that, due to Navajo Housing Authority policy, she is not eligible to reside there because of her conviction.

5

As a result, placement in a Residential Reentry Center will be recommended. (PSR, pg. 11-12)

Ms. Rojack reported that she has been in a relationship with Garrison Francisco, 46, since 2014, describing it as "pretty much happy." They share one child together, Dakota Francisco, who is 22 months old. She stated that Mr. Francisco, who resides in Tohajiilee in Laguna, New Mexico, is employed at Sysco and is a "good support system" for her. She reported that they spend time together during the week and on weekends, communicate effectively when conflicts arise, and have never had any physical altercations or police involvement. She further noted that Mr. Francisco has no history of arrests, substance abuse, or physical, mental, or emotional issues. (PSR, pg. 12)

Ms. Rojack reported she has four (4) children:

Christian who is her son, age 23, resides in Albuquerque, New Mexico. Ms. Rojack reported Christian's father, Norman McCork, passed away approximately three years ago due to health issues. She reported Christian is doing good and is "on his own." (PSR, pg.12)

Lenox Lewis, son, age 20 resides in Casamero Lake, New Mexico. Lenox's father, Eagleden Lewis, has had no communication with them since 2005 and she does not receive any financial assistance from him. She reported Lenox is doing good and resides in the family home. (PSR, pg. 12)

Jordan Rojack, son, age 13, resides in Casamero Lake, New Mexico with Ms. Rojack's parents. Jordan's father, Robert Chiquito, passed away when Jordan was an infant due to a hit and run accident. Ms. Rokack reports that Jordan was born with Severe Combined Immunodeficiency and requires Intravenous Immunoglobulin (IVIG) treatments, as he did not have sufficient Tlymphocytes. He receives IVIG treatment once every three weeks at the

6

University of New Mexico Hospital in Albuquerque, which assists in keeping his blood count at high levels. While Jordan's condition is fragile at times, Ms. Rojack and her family have been able to provide care and support for him. Ms.Rojack's family will continue to assist with his care while Ms. Rojack is incarcerated.  (PSR, pg. 12-13)

Dakota Franscisco, daughter, age 22 months, resides in Casamero Lake, New Mexico, with Ms. Rojack's family. Dakota's father, Garrison Francisco, helps Ms. Rojack care for their daughter and provides her with $200 per month in financial assistance. She reported that Mr. Francisco cares for Dakota on the weekends and is a good father. (PSR, pg. 13)

Ms. Rojack reported that she has a good relationship with all of her children and described herself as a caring and supportive parent who provides for and loves them. She shared that they enjoy spending time together doing activities such as going to the movies, visiting the lake, going to the mall, and eating out. She also stated that her children are not aware of her current legal situation and believe she is away from home for work. (PSR, pg. 13)

Ms. Rojack indicated that all of her children, except for Jordan, are in overall good physical, mental, and emotional health. During her custodial sentence, her three youngest children will remain in the care of her parents at the family home. She expressed confidence in this arrangement, stating that "they are in good hands" and that her parents have the means to provide proper care. (PSR, pg. 13)

**PHYSICAL HEALTH, MENTAL HEALTH AND SUBSTANCE ABUSE HISTORY**

Ms. Rojack is 5'7", weighs 250 pounds, has brown eyes and black hair. The Defenandant reports that she is in good health. Moreover, she requires the use of corrective lenses and reported she does not have any allergies. She has one tattoo on her right leg of a Dallas Cowboys star. (PSR, pg. 13) Ms. Rojack reported she is in good mental and emotional

health. Additionally, she indicated that she has never had any suicidal thoughts or ideations, nor does she have any visual or auditory hallucinations. (PSR, pg. 13)

Ms. Rojack reported that she first drank alcohol at age 18, stating, "I drank only one time." She later resumed drinking in her late 20s, consuming a 12-pack of beer on Friday nights, which continued into her 30s. During that time, her drinking increased to an 18-pack of beer over the course of Friday and Saturday nights. In her early 40s, her alcohol use escalated further, with her consuming a 30-pack of beer over the weekend along with a shot of liquor. (PSR, pg. 13-14)

She reported that as she got older, she began experiencing stress related to her alcohol consumption and recognized that she was becoming an alcoholic. Despite stating there were no specific life events that led her to drink, her usage increased over time. Ms. Rojack denied ever using illegal controlled substances. However, she acknowledged that she considers herself an alcoholic, and expressed interest in participating in the Residential Drug Aftercare Program while in the Bureau of Prisons if she qualifies. (PSR, pg. 14)

A Biopsychosocial Assessment from A New Awakening Behavioral Health Services in Albuquerque diagnosed Ms. Rojack with Alcohol Use Disorder, Severe. She is currently participating in Individual Substance Abuse Counseling twice per month and undergoing urine testing four times per month. Additionally, the Pretrial Services Report noted that an FBI warrant related to the instant offense indicated she is known to abuse drugs, based on information from the National Crime Information Center. (PSR, pg. 14)

**JUSTIFICATION FOR REDUCED SENTENCE**

Ms. Rojack has accepted full responsibility for her actions. She has been out of custody since February 18, 2025, and has been in communication with her Attorney and compliant with

Pre-Trial services and all other conditions of release as set forth by the Court. The Defendant continues to reside at "A New Beginning," as ordered by the Court. She remains compliant and is in good standing at this residential facility. Ms. Rojack understands that alcohol abuse led her to this situation and is committed to a life without alcohol.

## GUIDELINE CALCULATIONS

As set forth in the PSR, Ms. Rojack's total Offense Level is 19, and Criminal History category I. The applicable guideline imprisonment range is 30 months to 37 months. The Defendant agrees with the calculations set forth in the PSR.

## ADDICTION ISSUES AND SUBSTANCE ABUSE

While the Sentencing Guidelines may discourage courts from considering a defendant's history of substance abuse in determining an appropriate sentence, since *United States v. Booker*, courts are permitted to consider a defendant's use of addictive substances as part of the broader sentencing analysis. See, e.g., *Gall v. United States*, 552 U.S. 38, 59–60 (2007); U.S.S.G. §5H1.4. In Ms. Debbie Rojack's case, alcohol abuse played a significant role in her decline. Although she first consumed alcohol at the age of eighteen and reported only a single instance at that time, her use escalated in her late twenties, eventually developing into consistent and excessive weekend consumption throughout her thirties and early forties. By that time, she was consuming up to a 30-pack of beer over the course of a weekend, often accompanied by hard liquor. While her addiction does not excuse her conduct, there is a clear correlation between her prolonged alcohol dependency, increasing stress, and her involvement in the instant offense.

As this Court is well aware, substance abuse and related mental health stressors can become profoundly debilitating, affecting nearly every aspect of an individual's life, including employment stability, financial well-being, and decision-making. Ms. Rojack has acknowledged

9

that as her alcohol consumption increased, so did her stress and dependence, ultimately leading her to identify as an alcoholic. Although she reports no history of illegal drug use, a Biopsychosocial Assessment conducted at A New Awakening Behavioral Health Services diagnosed her with Alcohol Use Disorder, Severe. Her ongoing participation in substance abuse counseling, and regular monitoring, reflects both the seriousness of her condition and her willingness to address it. Research consistently demonstrates that substance use disorders impair judgment, lower inhibitions, and increase the likelihood of engaging in impulsive or unlawful conduct factors that are relevant in understanding Ms. Rojack's behavior.

Importantly, treatment as opposed to punishment alone, offers the most effective path toward breaking the cycle of substance abuse and criminal involvement. Studies indicate that a significant portion of incarcerated individuals suffer from substance use disorders, yet only a fraction receive the treatment they need. Ms. Rojack has already taken steps toward rehabilitation by engaging in counseling and has expressed a desire to participate in RDAP while in the custody of the Bureau of Prisons. This demonstrates her commitment to recovery. Research further shows that as substance abuse decreases, so does criminal behavior. Individuals who receive appropriate treatment are capable of leading stable and productive lives. Accordingly, Ms. Rojack's history of alcohol dependence should be viewed not merely as a factor of culpability, but as a critical consideration supporting the need for treatment-oriented sentencing.

## REASONABLENESS OF THE REQUESTED SENTENCE

Since *United States vs. Booker*, 543 U.S. 220 (2005), a sentencing court must now impose sentence with full consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the

maintaining sobriety, and remaining compliant with all pretrial conditions. Her criminal history is minimal, placing her in Criminal History Category I, and reflects primarily alcohol-related conduct, rather than a pattern of violent or predatory behavior.

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct:** A sentence in this case must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. There is no question that the loss of life in this case warrants a meaningful sentence. Ms. Rojack's conduct of driving while intoxicated and failing to immediately recognize and respond to the harm she caused demonstrates a grave lapse in judgment that must be addressed. However, the Court must also consider that this offense was not intentional, but the result of impaired judgment caused by substance abuse. Ms. Rojack has expressed acceptance of responsibility and has demonstrated through her conduct since arrest that she is capable of change. Her compliance with supervision, continued employment, and successful engagement in treatment all indicate that she has taken this matter seriously and is working toward rehabilitation.

A sentence at the low end of the guideline range, as agreed by the parties, is sufficient but not greater than necessary to promote respect for the law and deter future conduct both for Ms. Rojack and for others who may engage in similar behavior. She is not a danger to society. Her criminal history does not indicate prosperity for criminal activity.

**To protect the public from further crimes of the defendant:** The need to protect the public is mitigated by Ms. Rojack's demonstrated commitment to sobriety and treatment. Since her release, she has remained compliant, tested negative for substances, and completed counseling designed to address her alcohol dependency.

12

(505) 986-0475 (fax)
Email: tmclark@cjplawsf.com

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on the __2__ day of April 2026, I filed the foregoing electronically thorough the CM/ECF system, which caused all counsel and U.S. Probation to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Thomas M. Clark
Attorney for Defendant, Debbie Rojack

14